IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| OWEN F. SILVIOUS II,<br><br>    Plaintiff,<br><br>v.<br><br>RR DONNELLEY & SONS, et al.,<br><br>    Defendants. | Civil No. 5:10cv00116 |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS EMPLOYEE DEFENDANTS**

Defendants Gary Calleo and Stephanie Wentz (collectively "Employee Defendants"), by their undersigned attorneys, hereby move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims as to both Employee Defendants.

**I.     INTRODUCTION**

On November 9, 2010, Plaintiff Owen F. Silvious II filed a Complaint in the U.S. District Court for the Western District of Virginia against his former employer, RR Donnelley & Sons ("Donnelley"), and the Employee Defendants alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

**II.    ARGUMENT**

    **A.     Standard for a Motion to Dismiss**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must consider the legal sufficiency of the complaint and accept as true the facts alleged in the complaint. *Smith v. McCarthy*, 349 F. App'x. 851, 856 (4th Cir. 2009). In order for a

complaint to survive a motion to dismiss, it must contain facts sufficient to state a claim on which relief may be granted.  *Id.*

### B. Because Individual Employees Cannot Be Held Liable under the ADA, the Employee Defendants Must Be Dismissed from the Complaint

It is the black letter law of this circuit that the ADA does not "provide for causes of action against defendants in their individual capacities" for alleged violations of the ADA's provisions.  *Jones v. Sternheimer*, 2010 WL 2711305 at *2 (4th Cir. July 6, 2010) (holding that individual employees could not be sued under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act or the ADA).  Indeed, courts in virtually every circuit "protect individuals from ADA liability."  *Walsh v. Nevada Dep't of Human Resources,* 471 F.3d 1033, 1037 (9th Cir. 2006), citing *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161, 177 (3d Cir. 2002); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995); *Ostrach v. Regents of the Univ. of California*, 957 F. Supp. 196, 200 (E.D. Cal. 1997); *see also, e.g., Spiegel v. Schulmann,* 604 F.3d 72, 79 (2d Cir. 2010) ("In the context of employment discrimination, the retaliation provision of the ADA . . . cannot provide for individual liability.").

In addition to suing his corporate employer, Donnelley, the Plaintiff has brought suit here against Defendant Calleo in his individual capacity as Defendant Donnelley's Plant Manager.  *See Complt. ¶ 3(d).*  Further, the Plaintiff has brought suit against Defendant Wentz in her individual capacity as a disability claims coordinator employed by Defendant Donnelley.  *Id.*  Because the Employee Defendants cannot be held liable as individuals under the ADA, they must be dismissed from the present action.

WHEREFORE, the Employee Defendants respectfully request that all claims in the above-captioned action be dismissed with prejudice as to both Defendant Calleo and Defendant Wentz.

    Respectfully submitted,

    RR DONNELLEY & SONS

    By:   /s/ Ajay A. Jagtiani
         One of Its Attorneys

Ajay A. Jagtiani (Va. Bar #35710)
Amy L. Bess
Vedder Price P.C.
875 15th Street, NW
Suite 725
Washington, DC  20005
(202) 312-3320
(202) 312-3322 (fax)

Dated:  December 14, 2010

WASHINGTON_DC/#12689.2