CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 10 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| OWEN F. SILVIOUS, II, | ) | |
| Plaintiff, | ) | Civil Action No. 5:10CV00116 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RR DONNELLEY & SONS, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | Chief United States District Judge |

The plaintiff, Owen F. Silvious, II, proceeding pro se, filed this action against his former employer, RR Donnelley & Sons ("RR Donnelley"), pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213. In addition to RR Donnelley, the plaintiff named as defendants two of the company's employees, Gary Caleo and Stephanie Wentz. The case is presently before the court on the motion to dismiss filed by Caleo and Wentz; the plaintiff's motion to strike the defendants' responsive pleadings; and the plaintiff's motion for sanctions. The court held a hearing on the parties' motions on February 9, 2011. For the reasons stated during the hearing and for those that follow, the court will grant the motion to dismiss and deny the plaintiff's motions.

## I. Caleo and Wentz's Motion to Dismiss

Caleo and Wentz have moved to dismiss the plaintiff's claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion under this rule, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

For the reasons stated during the hearing, the court agrees with the defendants that the plaintiff's claims must be dismissed to the extent that they are asserted against Caleo and Wentz. It is well-established that individual employees are not subject to liability under the ADA, and that only employers may be held liable under this statute. See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (emphasizing that the ADA "do[es] not provide for causes of action against defendants in their individual capacities"); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (holding that "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA"). Accordingly, the court will grant the motion to dismiss filed by Caleo and Wentz, and the case will proceed on the plaintiff's claims against RR Donnelley.

## II. Plaintiff's Motions

The court also heard argument on the plaintiff's motion to strike the defendants' responsive pleadings and the plaintiff's motion for sanctions. For the reasons stated during the hearing, the court remains convinced that the circumstances surrounding the defendants' requested extension of time in which to file their responsive pleadings do not provide a basis for the imposition of sanctions, and that both of the plaintiff's motions must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 10th day of February, 2011.

_____
Chief United States District Judge