CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 01 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| OWEN F. SILVIOUS, II, | ) | CASE NO. 5:10CV00116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RR DONNELLEY & SONS, et al., | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendants. | ) | U.S. MAGISTRATE JUDGE |
| | ) | |

On June 26, 2011, the defendant, RR Donnelley & Sons ("Donnelley"), by counsel, filed a motion to compel the plaintiff's attendance at his deposition scheduled according to a notice for July 6, 2011 at the offices of Hart reporting in Harrisonburg, Virginia, just shortly after the July 4th federal holiday. Being aware that, on the date the motion was filed, the only means the court had at its disposal for communicating with the plaintiff was by telephone or through the United States Postal Service, the court endeavored to schedule a status conference on the defendant's motion first by telephone and then *via* an email address for the plaintiff supplied by defense counsel. In supplying the email address, counsel informed the court that all their prior efforts to use email had failed because of an apparent spam blocker.

On June 30, 2011, the court communicated a notice of the pending telephone status conference to plaintiff twice by telephone and once by email. The telephone calls from the court were met with an answering device and the email "bounced." Nevertheless, the court proceeded with the conference call as scheduled at 10:00 a.m. on July 1, 2011. At the time, and consistent with the recitations in Donnelley's motion, counsel informed the court that plaintiff's deposition originally was scheduled by agreement for June 23, 2011, but because of a family emergency defense counsel sought a continuance. However, counsel was not able to communicate with plaintiff. The court reporter was requested to contact defense

counsel should plaintiff appear on June 23rd, but he did not appear on that date. All efforts by Donnelley's counsel to communicate with plaintiff have failed to generate any response. Counsel informed the court that registered or certified mailings have been retrieved and signed for by plaintiff's wife, though emails continue to bounce.

A chief responsibility of a *pro* se litigant is to maintain communication with opposing counsel and the court. Failing to respond to efforts to communicate by counsel or the court, or making oneself unavailable for such communications, deprives both counsel and the court of any opportunity to address matters that are necessary for an orderly disposition of the case. When such failure or neglect continues, a *pro* se litigant risks having adverse action taken on account of what essentially becomes a failure to prosecute.

That is what has happened here, as a result of which, the court finds that Donnelley's June 29, 2011 motion to compel is well taken. By separate Order, the motion will be GRANTED and plaintiff will be directed to appear for his deposition on July 6, 2011 at 9:30 a.m. at the offices of Hart Reporting, 84 West Water Street, Harrisonburg, Virginia and continuing that day until completed.

**Plaintiff hereby is WARNED that failure to comply with the requirements of the Order may lead to the imposition of sanctions including the award to the defendant of costs and attorney's fees and dismissal of the case.**

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation to all counsel of record and to both mail and email a copy hereof to the plaintiff.

ENTERED: _____
U.S. Magistrate Judge

Date: July 1 2011