IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| OWEN F. SILVIOUS II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:10cv00116 |
| v. | ) |
| | ) |
| RR DONNELLEY & SONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Owen F. Silvious II, filed this action on November 9, 2010 alleging violations of the Americans with Disabilities Act. This matter is currently before the court on defendant RR Donnelley & Sons' motion to dismiss and for sanctions. On July 11, 2011, defendant RR Donnelley & Sons, plaintiff's employer, filed a motion to dismiss under Federal Rules of Civil Procedure 41(b) and 37(b), asserting plaintiff failed to comply with his discovery obligations and failed to obey a discovery order.[1] Defendant also asks the court to impose monetary sanctions against the plaintiff. Because plaintiff is proceeding pro se, the court issued an order on July 12, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the defendant's motion to dismiss and for sanctions. The July 12, 2011 order states that if plaintiff does not respond to the defendant's pleadings, the court will assume that he has lost interest in the case and/or agrees with the defendant's pleadings and further indicates "if plaintiff does not file some response within the 21 day period, the court may dismiss the case for failure to prosecute." (Dkt. # 48.) The 21 day period has passed and plaintiff has failed to file a response. Thus, defendant's motion to dismiss and for sanctions is ripe for adjudication.

---

[1] The original suit also named two additional defendants. However, these defendants filed a motion to dismiss for failure to state a claim which the court granted by order dated February 10, 2011.

I

As a result of plaintiff's failure to obey a court order, ordering him to appear for a deposition, defendant has moved to dismiss plaintiff's complaint and for sanctions. Defendant states in its motion to dismiss that, subsequent to a conversation with plaintiff on May 27, 2011 scheduling a deposition for June 23, 2011, defendant has received no further communication from the plaintiff. Defendant has made multiple attempts to reach the plaintiff, including phone calls, voicemails and e-mails. When a family emergency necessitated rescheduling the June 23, 2011 deposition date, defendant attempted several times to contact plaintiff. However, plaintiff did not return any of defendant's calls or e-mails. Defendant sent, by certified mail, an amended notice of deposition for July 6, 2011. However, due to defendant's inability to contact the plaintiff, defendant became concerned that plaintiff would not appear for the rescheduled deposition.

On June 29, 2011, defendant filed a motion to compel plaintiff to appear for the July 6, 2011 deposition. In its motion, defendant wrote "defendant has repeatedly attempted to communicate with and confirm plaintiff's attendance at his deposition through telephone messages and emails, but to date (...) has received no confirmation from plaintiff...." (Dkt. # 39.) Following a telephone hearing, the court issued an order on July 1, 2011 granting defendant's motion to compel and ordering plaintiff to appear for his deposition on July 6, 2011 in Harrisonburg, Virginia.[2] (Dkt. # 43.) Further, the court's accompanying memorandum opinion informed the plaintiff that if he did not appear for the deposition, he could be sanctioned up to and including dismissal of his case. The memorandum opinion stated in bold typeface:

---

[2] The court communicated notice of the July 1, 2011 telephone hearing to plaintiff by telephone and e-mail. However, plaintiff did not appear.

> Plaintiff is hereby WARNED that failure to comply with the requirements of the order may lead to the imposition of sanctions including the award to the defendant of costs and attorney's fees and dismissal of the case.

(Dkt. # 44, p. 2.) Plaintiff did not appear for his July 6, 2011 deposition and thus has failed to obey the court's July 1, 2011 order.

Defendant asserts that "[p]laintiff's actions and inactions have caused the Defendant and the Court to waste valuable time and other resources. And given the approaching discovery deadlines, Plaintiff's conduct has rendered it virtually impossible for the Defendant to properly defend the claims asserted against it by the plaintiff." (Dkt. # 50, p. 7.) In addition to the sanction of dismissal, defendant asks the court to order monetary sanctions against the plaintiff to compensate the defendant for costs it incurred as a direct result of the plaintiff's failure to appear for the deposition. Defendant seeks attorney's fees and costs in the amount of $3,714.44.

## II

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court must consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). The district court has clear authority to dismiss a plaintiff's case in appropriate cases. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

3

Defendant also moves to dismiss plaintiff's complaint under Rule 37(b) which provides, in pertinent part, that if a party fails to obey an order to provide or permit discovery, "the court may make such orders in regard to the failure as are just," including, *inter alia,* dismissal. The Fourth Circuit has developed a four-part test for determining appropriate sanctions under Rule 37. "[T]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, 155 F.3d 500, 504 (4th Cir. 1998). Because the legal standard for dismissals under Rule 37 for failure to conduct discovery is virtually identical to that for dismissals for failure to prosecute, the court will combine its analysis of the question whether dismissal is appropriate under Rules 37 and 41. See Carter v. University of West Virginia System, 23 F.3d 400, 1994 WL 192031 at *2 (4th Cir. 1994) (unpublished opinion) ("The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41.")

In the present case, the plaintiff is proceeding *pro se* so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that he has not responded to defense counsel's communication attempts, has failed to attend his deposition and has not filed a response to the defendant's motion to dismiss, in spite of the court's Roseboro Notice requiring him to respond.[3] Moreover, plaintiff's failure to provide deposition testimony has delayed the action, frustrated defendant's ability to defend the case, and has prejudiced the

---

[3] Both the defendant and the court have attempted to contact the plaintiff by using the telephone number and address listed on plaintiff's pleadings, as well as by e-mail. The plaintiff is responsible for providing the court and opposing counsel with updated contact information. Rule 11(a) of the local rules for the United States District Court for the Western District of Virginia provides that all pleadings and motions filed by a *pro se* litigant must contain an address where notice can be served on such person and a telephone number where such person can be reached or a message left.

4

defendant.[4] In addition, plaintiff's failure to abide by the orders of this Court is behavior that warrants deterrence. While *pro se* litigants are entitled to some deference from courts, they are subject to the same time requirements and respect for court orders as other litigants, without which effective judicial administration would be impossible. Ballard v. Carlson, 882 F.2d at 96; see also Zaczek v. Fauquier County, 764 F. Supp. 1071, 1077 (E.D. Va. 1991) ("*[p]ro se* litigants are not immune from any sanction by virtue of their status alone. . . . There is . . . no doubt that *pro se* litigants are subject to any and all appropriate sanctions for their misconduct."). Thus, the court concludes the plaintiff has abandoned this lawsuit.

Defendant asks the court to impose a monetary sanction on the plaintiff in addition to dismissing his lawsuit. However, the plaintiff has represented to the court that he is unable to pay the costs of these proceedings and has only $200.00 in cash or in a savings or checking account. (Dkt. # 1.) On November 10, 2010 the court entered an order granting plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. # 3.) Thus, imposing a monetary penalty against the plaintiff would be of dubious value. It appears there is no sanction less severe than dismissal which could effectively be deployed against plaintiff.

Accordingly, defendant's motion to dismiss pursuant to Rule 41(b) and Rule 37(b) is granted. However, defendant's motion for sanctions is denied.

III

As set out above, a review of the record indicates that defendant's motion to dismiss should be granted and the plaintiff's complaint should be dismissed for failure to prosecute and failure to obey a court order.

For these reasons, the defendant's motion to dismiss (Dkt. # 49) is GRANTED, defendant's motion for sanctions is DENIED, and plaintiff's complaint is dismissed without

---

[4] Discovery in this case closed on August 26, 2011. (Dkt. 50, p. 1.)
5

prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to comply with a court order pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff and all counsel of record.

Entered: August 29, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge